UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GARY DOZIER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:13 CV 634 |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Gary Dozier, a *pro se* prisoner, filed a habeas corpus petition challenging his

prison disciplinary proceeding which was held at the Miami Correctional Facility on

May 10, 2013. Under case number MCF 13-05-108, the Disciplinary Hearing Body (DHB)

found him guilty of Assault/Battery w/ Serious Bodily Injury in violation of A-102.

Dozier lists five grounds in his petition, but all five of them are fundamentally the same

claim. In Ground One, he argues that the inmate witnesses against him were not

credible because their statements were made to internal affairs while in segregation. In

Ground Two, he argues that prison officials only believe inmate statements when they

are made in support of a disciplinary charge against another inmate. In Ground Three,

he argues that the victim did not see who attacked him, that no correctional officer

witnessed the attack, that he did not have any injuries, and that he did not have any

blood on him. In Ground Four, he again argues that no correctional officer witnessed

the attack. In Ground Five, he argues that eyewitness testimony is frequently faulty. In

sum, he is arguing that the DHB improperly weighed the evidence. He is arguing that

the hearing officer should have disbelieved the witnesses that he credited and believed the witnesses that he discredited.

None of these arguments is a basis for habeas corpus relief because district courts do not "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but [rather, they] only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985) (quotations marks and citation omitted). Here, Dozier clearly understands that there were other inmates who testified that they saw him attack the victim. This court will not re-weigh the evidence presented during his prison disciplinary hearing. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Here, the testimony of those other inmates is some evidence that Dozier attacked the victim, as the DHB concluded.

For the foregoing reasons, the court **DENIES** the petition pursuant to RULE 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

**SO ORDERED.**

Date: July 23, 2013

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT